UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/13

(212) 336-0183 (WATKINS)
(212) 336-0517 (RIELY)

April 3, 2013

**By Fax**

The Honorable Victor Marrero
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *SEC v. CR Intrinsic Investors, LLC et al.*, 12 Civ. 8466 (VM)

Dear Judge Marrero:

We are counsel for the Securities and Exchange Commission (the "Commission") in the above-referenced action. We write to bring to the Court's attention a recent development we believe is relevant to the issues the Court raised during the March 28, 2013 conference in this matter.

As we contended at the conference, the appeal pending before the Second Circuit in *SEC v. Citigroup Global Markets Inc.*, Case Nos. 11-5227-cv et al. (the "*Citigroup* appeal") should not constrain the Court from approving the proposed settlements recently submitted to the Court in this case. A development last Friday in a companion case that the Commission filed simultaneously with the settlements in this case further demonstrates how the pending *Citigroup* appeal is no bar to the approval of the settlements here.

On March 15, 2013, the Commission submitted consents and proposed judgments to the Honorable Harold Baer in *SEC v. Sigma Capital Management, LLC et al.*, No. 13-cv-1740 (HB) ("*SEC v. Sigma Capital*"). Defendant Sigma Capital is an affiliate of defendant CR Intrinsic. The action was based on allegations that a Sigma Capital analyst and portfolio manager engaged in insider trading in two technology stocks in 2008 and 2009 that resulted in illicit profits and losses avoided of $6.425 million.[1] The Commission and Sigma Capital agreed to settle the action on the same terms as those presented to the Court here: Sigma Capital, without admitting or denying the allegations of the Commission's complaint, would be enjoined from future

---

[1] The Commission filed *SEC v. Sigma Capital* as related to another matter, *SEC v. Adondakis et al.*, No. 12 Civ. 0409 (HB) that was pending before Judge Baer. Among other reasons, *SEC v. Sigma Capital* and *SEC v. Adondakis* involved trading in the same technology stocks and many of the same witnesses.

The Honorable Victor Marrero
April 3, 2013
Page 2

violations of the federal securities laws, disgorge $6.425 million, and pay prejudgment interest and a civil penalty equal to the disgorgement amount, or $6.425 million.

As in this case, the key individuals implicated in *SEC v. Sigma Capital* were subjects of parallel criminal proceedings. The Sigma Capital analyst identified in the Commission's complaint, Jon Horvath, had previously pleaded guilty to securities fraud charges arising from the alleged insider trading. In addition, on March 29, 2013, the Sigma Capital portfolio manager, Michael Steinberg, was arrested and charged with securities fraud for his role in the scheme. Nevertheless, on March 29, 2013, the Court entered the proposed final judgments in *SEC v. Sigma Capital* and closed the case. *See SEC v. Sigma Capital* (Docket Entries 11, 12, & 13).

Judge Baer's approval of the settlements in *SEC v. Sigma Capital* is not unusual. Since the *Citigroup* appeal was taken in December 2011, courts in the Southern District of New York have continued to approve SEC consent judgments containing the "neither admit nor deny" clause.[2] *See SEC v. Hunter*, 12-cv-3123 (JMF) (Mar. 12, 2013); *SEC v. Lobue*, 12-cv-7944 (AJN) (Feb. 13, 2013); *SEC v. Espuelas*, 06-cv-2435 (PAE) (Feb. 5, 2013); *SEC v. Badian*, 06-cv-2621 (LTS) (Dec. 18, 2012); *SEC v. Hart*, 12-cv-8986 (JPO) (Dec. 13, 2012); *SEC v. Cornelsen*, 12-cv-7094 (WHP) (Dec. 11, 2012); *SEC v. Well Advantage Ltd.*, 12-cv-5786 (RJS) (Nov. 7, 2012); *SEC v. Chellam*, 12-cv-7983 (BSJ) (Nov. 5, 2012); *SEC v. Siris*, No. 12-cv-5810 (RA) (Sept. 18, 2012); *SEC v. Mizuho Secs. USA Inc.*, No. 12-cv-5550 (MGC) (Jul. 26, 2012); *SEC v. Quorne Ltd.*, No. 10-cv-9560 (GBD) (Mar. 29, 2012); *SEC v. Bankosky*, No. 12-cv-1012 (HB) (Mar. 15, 2012); *SEC v. Espuelas*, No. 06-cv-2435 (PAE) (Mar. 12, 2012); *SEC v. Kueng*, No. 09-cv-8763 (KBF) (Mar. 9, 2012); *SEC v. Vulliez*, No. 11-cv-3458 (RMB) (Jan. 30, 2012); *SEC v. Treadway*, No. 11-cv-1534 (RJH) (Jan. 30, 2012). Moreover, we are not aware of any court in this district rejecting or conditionally approving a Commission consent judgment on the grounds that it included a "neither admit nor deny" clause since the filing of the *Citigroup* appeal.

As the courts' approval of consent judgments with the "neither admit nor deny" clause in the cases cited above illustrates, the Commission's ability to protect the public interest by enforcing the federal securities laws would be severely compromised if courts in this district failed to approve settlements otherwise deemed adequate during the pendency of the *Citigroup* appeal. The Second Circuit implicitly recognized this in granting the Commission's stay request in the *Citigroup* appeal. In holding that the Commission had shown a likelihood of success on the merits, it noted that "[i]t is commonplace for settlements to include no binding admission of liability" and that it knew "of no precedent" supporting the proposition that admissions are a precondition for the approval of a consent judgment. *SEC v. Citigroup Global Markets, Inc.*, 673

---

[2] Similarly, courts around the country have continued to endorse SEC consent judgments containing the "neither admit nor deny" clause since December 2011. *See, e.g., SEC v. Tiger Asia Mgmt., LLC*, No. 12-07601 (D.N.J. Dec. 14, 2012); *SEC v. Cioffi*, No. 08 2457 (FB) (E.D.N.Y. Jun. 18, 2012); *SEC v. Leslie*, No. 07 CV 3444 (JF) (PSG) (N.D. Cal. Mar. 22, 2012); *SEC v. Duncan*, No. CV 12-1785 R (AGRx) (C.D. Cal. Mar. 2, 2012); *SEC v. Koss Corp.*, No. 2:11-cv-00991 (E.D. Wis. Feb. 23, 2012).

The Honorable Victor Marrero
April 3, 2013
Page 3

F.3d 158, 166 (2d Cir. 2012). The Second Circuit also observed that it "doubt[ed] whether it lies within a court's proper discretion to reject a settlement on the basis that liability has not been conclusively determined." *Id.*

In light of the approval of the settlements in *SEC v. Sigma Capital* and consistent with the practice of many other courts in this district, we respectfully renew our request that the Court approve, without conditions, the settlements reached between the Commission and defendant CR Intrinsic Investors, LLC and certain affiliates. The parties have every interest in achieving the finality and certainty that approval of the settlements will bring. Moreover, prompt approval of the settlements will enable the parties and the Court to move to the important question of whether a distribution of the settlement proceeds is warranted here.

We are available to answer any additional questions the Court may have.

Respectfully submitted,

*Matthew Watkins*

Matthew Watkins
Charles D. Riely

cc: Martin Klotz and Daniel J. Kramer (Counsel to defendant CR Intrinsic and Relief Defendants) (by email)
Charles Stillman (Counsel to defendant Mathew Martoma) (by email)
Marc Mukasey (Counsel to defendant Sidney Gilman) (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.

**SO ORDERED.**

4-3-13
DATE      VICTOR MARRERO, U.S.D.J.