

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____ 1/5/13

March 15, 2013

WRITER'S DIRECT DIAL
(212) 336-0535

**By Hand**

RECEIVED
MAR 18 2013
CHAMBERS OF
JUDGE MARRERO

The Honorable Victor Marrero
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *SEC v. CR Intrinsic Investors, LLC et al.,* 12 Civ. 8466 (VM)

Dear Judge Marrero:

I am counsel for the Securities and Exchange Commission (the "Commission") in the above referenced action. Enclosed please find a signed Consent and a proposed Final Judgment for defendant CR Intrinsic Investors, LLC ("CR Intrinsic"). Also enclosed are signed Consents and proposed Final Judgments for five relief defendants named in an Amended Complaint that the Commission filed earlier today: investment advisory firm S.A.C. Capital Advisors, LLC ("S.A.C. Capital"), and hedge funds CR Intrinsic Investments, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, and S.A.C. Select Fund, LLC (collectively, the "Relief Defendants").

The Commission alleges that CR Intrinsic participated in an insider trading scheme that caused hedge fund portfolios managed by CR Intrinsic and S.A.C. Capital to generate approximately $275 million in illegal gains. As part of the proposed settlement that the Commission is submitting for the Court's review, CR Intrinsic has agreed to the entry of an order: (a) permanently enjoining it from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Exchange Act Rule 10b-5, and Section 17(a) of the Securities Act of 1933 ("Securities Act"); (b) ordering it to pay, on a joint and several basis with Relief Defendants (as detailed below), disgorgement of $274,972,541 plus pre-judgment interest of $51,802,381.22, for a total of $326,774,922.22, representing the ill-gotten gains of CR Intrinsic and the Relief Defendants; and (c) ordering it to pay a civil penalty in the amount of $274,972,541. CR Intrinsic's total monetary liability, therefore, would be $601,747,463.22.

The Commission alleges in its Amended Complaint that the Relief Defendants received ill-gotten gains resulting from an insider trading scheme involving CR Intrinsic and others.[1] These ill-gotten gains are the profits and loss avoidance derived from trades placed in the hedge fund portfolios that CR Intrinsic and S.A.C. Capital managed and include fees S.A.C. Capital

---

[1] A copy of the Amended Complaint is enclosed with this submission.

The Honorable Victor Marrero
March 15, 2013
Page 2

received as a result of these ill-gotten gains. (*See* Am Compl. ¶¶ 14-18; 74-76). As part of the proposed settlement, the Relief Defendants would agree to pay an amount equal to their ill-gotten gains from the insider trading scheme, or in the case of S.A.C. Capital, to an amount received by hedge funds it managed. The payment obligation of each of the Relief Defendants would be on a joint and several basis with CR Intrinsic. In addition, S.A.C. Capital also would be jointly and severally liable for the payment obligations of the hedge funds it managed (that is, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, and S.A.C. Select Fund, LLC).

The Commission respectfully requests that Your Honor enter the proposed Final Judgments with respect to CR Intrinsic and the Relief Defendants. We are available for a conference should the Court have any questions.

Respectfully submitted,

Charles D. Riely
Senior Counsel

Enclosures

cc:   Martin Klotz and Daniel J. Kramer (Counsel to defendant CR Intrinsic and Relief Defendants)
      Charles Stillman (Counsel to defendant Mathew Martoma)
      Marc Mukasey (Counsel to defendant Sidney Gilman)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff Securities and Exchange Commission.

SO ORDERED.

4-4-13
DATE          VICTOR MARRERO, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | 12 Civ. 8466 (VM) |
| | : | |
| CR INTRINSIC INVESTORS, LLC, | : | |
| MATHEW MARTOMA, | : | |
| and | : | |
| DR. SIDNEY GILMAN, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| CR INTRINSIC INVESTMENTS, LLC, | : | |
| S.A.C. CAPITAL ADVISORS, LLC, | : | |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : | |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : | |
| and | : | |
| S.A.C. SELECT FUND, LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**FINAL JUDGMENT AS TO DEFENDANT CR INTRINSIC INVESTORS, LLC**

The Securities and Exchange Commission having filed an Amended Complaint ("Complaint") and Defendant CR Intrinsic Investors, LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, all persons acting in the capacity of an agent of Defendant, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, all persons acting in the capacity of an agent of Defendant, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, on a joint and several basis with relief defendants CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, and S.A.C. Select Fund, LLC, for disgorgement of $274,972,541, representing the profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $51,802,381.22. The disgorgement amount represents amounts required to be disgorged by Defendant and the relief defendants pursuant to a court order obtained at the instance of the Commission in a proceeding brought under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)]. Defendant is also liable for a civil penalty in the amount of $274,972,541 pursuant to Section 21A of the Exchange Act. Defendant shall satisfy this obligation (including the obligation of the relief defendants to pay the disgorgement amount) by paying $601,747,463.22 plus post-

3

judgment interest thereon pursuant to 28 U.S.C. § 1961 to the Securities and Exchange Commission on or before May 2, 2013.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; CR Intrinsic Investors, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

4

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | **12 Civ. 8466 (VM)** |
| | : | |
| CR INTRINSIC INVESTORS, LLC, | : | |
| MATHEW MARTOMA, | : | |
|  and | : | |
| DR. SIDNEY GILMAN, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| CR INTRINSIC INVESTMENTS, LLC, | : | |
| S.A.C. CAPITAL ADVISORS, LLC, | : | |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : | |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : | |
|  and | : | |
| S.A.C. SELECT FUND, LLC, | : | |
| | : | |
| Relief Defendants. | : | |

## CONSENT OF DEFENDANT CR INTRINSIC INVESTORS, LLC

1.      Defendant CR Intrinsic Investors, LLC ("Defendant") waives service of the Amended Complaint ("Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b)

of the Securities Exchange Act of 1934 (the "Exchange Act") [15

U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R.

§ 240.10b-5];

(b)     orders Defendant to pay, on a joint and several basis with relief

defendants CR Intrinsic Investments, LLC, S.A.C. Capital Advisors,

LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities,

LLC, and S.A.C. Select Fund, LLC, disgorgement in the amount of

$274,972,541, plus prejudgment interest thereon in the amount of

$51,802,381.22; and

(c)     orders Defendant to pay a civil penalty in the amount of $274,972,541

under Section 21A of the Exchange Act

[15 U.S.C. § 78u-1].

      3.     Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment

made pursuant to any insurance policy, with regard to any civil penalty amounts that

Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts

or any part thereof are added to a distribution fund or otherwise used for the benefit of

investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction

or tax credit with regard to any federal, state, or local tax for any penalty amounts that

Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts

or any part thereof are added to a distribution fund or otherwise used for the benefit of

investors.

2

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Defendant in this civil proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint. Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any

4

allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.      Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.      In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and cooperate with  Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the

Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


CR Intrinsic Investors, LLC

By: S.A.C. Capital Advisors, L.P., its sole Member

By: _____
Name:  Peter A. Nussbaum
Title:  Authorized Person
Address:  72 Cummings Point Road, Stamford CT 06902

On March 14, 2013, Peter A Nussbaum, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of CR Intrinsic Investors, LLC as Authorized Person of its sole Member.

_____          **MAVELYN BLANCO**
Notary Public                                                  *NOTARY PUBLIC*
                                                                      MY COMMISSION EXPIRES NOV. 30, 2017

6

Approved as to form:

Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Attorneys for Defendant

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | 12 Civ. 8466 (VM) |
| | : | |
| CR INTRINSIC INVESTORS, LLC, | : | |
| MATHEW MARTOMA, | : | |
| and | : | |
| DR. SIDNEY GILMAN, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| CR INTRINSIC INVESTMENTS, LLC, | : | |
| S.A.C. CAPITAL ADVISORS, LLC, | : | |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : | |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : | |
| and | : | |
| S.A.C. SELECT FUND, LLC, | : | |
| | : | |
| Relief Defendants. | : | |
| | : | |

### FINAL JUDGMENT AS TO RELIEF DEFENDANT
### CR INTRINSIC INVESTMENTS, LLC

The Securities and Exchange Commission having filed an Amended Complaint

("Complaint") and Relief Defendant CR Intrinsic Investments, LLC having entered a

limited appearance; consented to the Court's jurisdiction over Relief Defendant and the

subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief

Defendant is liable, on a joint and several basis with defendant CR Intrinsic Investors,

LLC, for disgorgement of $127,319,193, representing profits gained and losses avoided

as a result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $23,985,803.63. This obligation shall be satisfied by payment

of $151,304,997.63 plus post-judgment interest thereon pursuant to 28 U.S.C. § 1961 by

or on behalf of Relief Defendant to the Securities and Exchange Commission on or

before May 2, 2013.

Relief Defendant may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

be made directly from a bank account via Pay.gov through the SEC website

at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; CR Intrinsic Investments, LLC as a defendant in this action; and

specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this action. By

making this payment, Relief Defendant relinquishes all legal and equitable right, title,

2

and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : 12 Civ. 8466 (VM) |
| | : |
| CR INTRINSIC INVESTORS, LLC, | : |
| MATHEW MARTOMA, | : |
| and | : |
| DR. SIDNEY GILMAN, | : |
| | : |
| Defendants, and | : |
| | : |
| CR INTRINSIC INVESTMENTS, LLC, | : |
| S.A.C. CAPITAL ADVISORS, LLC, | : |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : |
| and | : |
| S.A.C. SELECT FUND, LLC, | : |
| | : |
| Relief Defendants. | : |
| | : |

---

## CONSENT OF RELIEF DEFENDANT CR INTRINSIC INVESTMENTS, LLC

1. Relief Defendant CR Intrinsic Investments, LLC ("Relief Defendant") waives service of a summons and the Amended Complaint ("Complaint") in this action, enters a limited appearance, admits the Court's jurisdiction over the subject matter of this action, and consents to the Court's personal jurisdiction over the Relief Defendant.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, to which Relief Defendant consents), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Relief Defendant to pay, on a joint and several basis with defendant CR Intrinsic

Investors, LLC, disgorgement in the amount of $127,319,193, plus prejudgment interest thereon in the amount of $23,985,803.63.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Relief Defendant in this civil

2

proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

10.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states

3

that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.    Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that

4

Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Relief Defendant (i) agrees to cooperate with Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Relief Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any such subpoena.

13.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

5

14.    Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

CR Intrinsic Investments, LLC

By: S.A.C. Capital Advisors, L.P., its Investment Manager

By: _____
Name:  Peter A. Nussbaum
Title:  Authorized Person
Address:  72 Cummings Point Road, Stamford CT 06902

On March 14, 2013, Peter A. Nussbaum, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of CR Intrinsic Investments, LLC as Authorized Person of its Investment Manager.

_____
Notary Public

MAVELYN BLANCO
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 30, 2017

Approved as to form:

_____
Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8000

_____
Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 373-3000

Attorneys for Relief Defendant

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | :     12 Civ. 8466 (VM) |
| | : |
| CR INTRINSIC INVESTORS, LLC, | : |
| MATHEW MARTOMA, | : |
|  and | : |
| DR. SIDNEY GILMAN, | : |
| | : |
| Defendants, and | : |
| | : |
| CR INTRINSIC INVESTMENTS, LLC, | : |
| S.A.C. CAPITAL ADVISORS, LLC, | : |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : |
|  and | : |
| S.A.C. SELECT FUND, LLC, | : |
| | : |
| Relief Defendants. | : |
| | : |

## FINAL JUDGMENT AS TO RELIEF DEFENDANT
## S.A.C. CAPITAL ADVISORS, LLC

The Securities and Exchange Commission having filed an Amended Complaint

("Complaint") and Relief Defendant S.A.C. Capital Advisors, LLC having entered a

general appearance; consented to the Court's jurisdiction over Relief Defendant and the

subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief
Defendant is liable, on a joint and several basis with defendant CR Intrinsic Investors,
LLC, and relief defendants S.A.C. Capital Associates, LLC, S.A.C. International
Equities, LLC, and S.A.C. Select Fund, LLC, for disgorgement of $147,653,348,
representing profits gained and losses avoided as a result of the conduct alleged in the
Complaint, together with prejudgment interest thereon in the amount of $27,816,577.59.
This obligation shall be satisfied by payment of $175,469,925.59 plus post-judgment
interest thereon pursuant to 28 U.S.C. § 1961 by or on behalf of Relief Defendant to the
Securities and Exchange Commission on or before May 2, 2013.

Relief Defendant may transmit payment electronically to the Commission, which
will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also
be made directly from a bank account via Pay.gov through the SEC website
at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified
check, bank cashier's check, or United States postal money order payable to the
Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and
name of this Court; S.A.C. Capital Advisors, LLC as a defendant in this action; and
specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of
payment and case identifying information to the Commission's counsel in this action. By

2

making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| -against- | : | **12 Civ. 8466 (VM)** |
| CR INTRINSIC INVESTORS, LLC, MATHEW MARTOMA, and DR. SIDNEY GILMAN, | : | |
| Defendants, and | : | |
| CR INTRINSIC INVESTMENTS, LLC, S.A.C. CAPITAL ADVISORS, LLC, S.A.C. CAPITAL ASSOCIATES, LLC, S.A.C. INTERNATIONAL EQUITIES, LLC, and S.A.C. SELECT FUND, LLC, | : | |
| Relief Defendants. | : | |

### CONSENT OF RELIEF DEFENDANT S.A.C. CAPITAL ADVISORS, LLC

1.     Relief Defendant S.A.C. Capital Advisors, LLC ("Relief Defendant")
waives service of a summons and the Amended Complaint ("Complaint") in this action,
enters a general appearance, and admits the Court's jurisdiction over Relief Defendant
and over the subject matter of this action.

2.     Without admitting or denying the allegations of the Complaint (except as
to personal and subject matter jurisdiction, which Relief Defendant admits), Relief
Defendant hereby consents to the entry of the Final Judgment in the form attached hereto
(the "Final Judgment") and incorporated by reference herein, which, among other things,
orders Relief Defendant to pay, on a joint and several basis with defendant CR Intrinsic

Investors, LLC, and relief defendants S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, and S.A.C. Select Fund, LLC, disgorgement in the amount of $147,653,348, plus prejudgment interest thereon in the amount of $27,816,577.59.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions.  Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

2

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Relief Defendant in this civil proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint.  Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

10.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

3

denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

     11.    Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief

Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Relief Defendant (i) agrees to cooperate with Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Relief Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any such subpoena.

13.    Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.   Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


S.A.C. Capital Advisors, LLC

By: _____
Name:  Peter A. Nussbaum
Title:  Authorized Person
Address:  72 Cummings Point Road, Stamford CT 06902

On _March 14_, 2013, _Peter A. Nussbaum_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of S.A.C. Capital Advisors, LLC as Authorized Person.


_____
Notary Public

**MAVELYN BLANCO**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2017


Approved as to form:

_____
Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8000

_____
Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 373-3000

Attorneys for Relief Defendant


6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| -against- | :    12 Civ. 8466 (VM) |
| CR INTRINSIC INVESTORS, LLC,<br>MATHEW MARTOMA,<br> and<br>DR. SIDNEY GILMAN, | : |
| Defendants, and | : |
| CR INTRINSIC INVESTMENTS, LLC,<br>S.A.C. CAPITAL ADVISORS, LLC,<br>S.A.C. CAPITAL ASSOCIATES, LLC,<br>S.A.C. INTERNATIONAL EQUITIES, LLC,<br> and<br>S.A.C. SELECT FUND, LLC, | : |
| Relief Defendants. | : |

## FINAL JUDGMENT AS TO RELIEF DEFENDANT
## S.A.C. CAPITAL ASSOCIATES, LLC

The Securities and Exchange Commission having filed an Amended Complaint

("Complaint") and Relief Defendant S.A.C. Capital Associates, LLC having entered a

limited appearance; consented to the Court's jurisdiction over Relief Defendant and the

subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief

Defendant is liable, on a joint and several basis with defendant CR Intrinsic Investors,

LLC, and relief defendants S.A.C. Capital Advisors, , for disgorgement of $66,570,988,

representing profits gained and losses avoided as a result of the conduct alleged in the

Complaint, together with prejudgment interest thereon in the amount of $12,541,382.08.

This obligation shall be satisfied by payment of $79,112,370.08 plus post-judgment

interest thereon pursuant to 28 U.S.C. § 1961 by or on behalf of Relief Defendant to the

Securities and Exchange Commission on or before May 2, 2013.

Relief Defendant may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

be made directly from a bank account via Pay.gov through the SEC website

at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; S.A.C. Capital Associates, LLC as a defendant in this action; and

specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this action. By

making this payment, Relief Defendant relinquishes all legal and equitable right, title,

2

and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | |
| Plaintiff, : | |
| : | |
| -against- : | 12 Civ. 8466 (VM) |
| : | |
| CR INTRINSIC INVESTORS, LLC, : | |
| MATHEW MARTOMA, : | |
|  and : | |
| DR. SIDNEY GILMAN, : | |
| : | |
| Defendants, and : | |
| : | |
| CR INTRINSIC INVESTMENTS, LLC, : | |
| S.A.C. CAPITAL ADVISORS, LLC, : | |
| S.A.C. CAPITAL ASSOCIATES, LLC, : | |
| S.A.C. INTERNATIONAL EQUITIES, LLC, : | |
|  and : | |
| S.A.C. SELECT FUND, LLC, : | |
| : | |
| Relief Defendants. : | |
| : | |

## CONSENT OF RELIEF DEFENDANT S.A.C. CAPITAL ASSOCIATES, LLC

1.     Relief Defendant S.A.C. Capital Associates, LLC ("Relief Defendant")
waives service of a summons and the Amended Complaint ("Complaint") in this action,
enters a limited appearance, admits the Court's jurisdiction over the subject matter of this
action, and consents to the Court's personal jurisdiction over the Relief Defendant.

2.     Without admitting or denying the allegations of the Complaint (except as
to personal and subject matter jurisdiction, to which Relief Defendant consents), Relief
Defendant hereby consents to the entry of the Final Judgment in the form attached hereto
(the "Final Judgment") and incorporated by reference herein, which, among other things,
orders Relief Defendant to pay, on a joint and several basis with defendant CR Intrinsic

Investors, LLC, and relief defendant S.A.C. Capital Advisors, LLC, disgorgement in the amount of $66,570,988, plus prejudgment interest thereon in the amount of $12,541,382.08.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

2

9.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Relief Defendant in this civil proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

10.    Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

3

denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief

4

Defendant to defend against this action.  For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Relief Defendant (i) agrees to cooperate with Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Relief Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Relief Defendant agrees that this Court shall retain jurisdiction over this

matter for the purpose of enforcing the terms of the Final Judgment.


S.A.C. Capital Associates, LLC

By: S.A.C. Capital Advisors, L.P., its Investment Manager

By: _____

Name: Peter A. Nussbaum
Title: Authorized Person
Address: 72 Cummings Point Road, Stamford CT 06902

On March 14, 2013, Peter A. Nussbaum, a person known
to me, personally appeared before me and acknowledged executing the foregoing
Consent with full authority to do so on behalf of S.A.C. Capital Associates, LLC as
Authorized Person of its Investment Manager.

_____
Notary Public

MAVELYN BLANCO
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 30, 2017

Approved as to form:

_____

Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

_____

Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Attorneys for Relief Defendant

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| CR INTRINSIC INVESTORS, LLC, | : |
| MATHEW MARTOMA, | : |
| and | : |
| DR. SIDNEY GILMAN, | : |
| | : |
| Defendants, and | : |
| | : |
| CR INTRINSIC INVESTMENTS, LLC, | : |
| S.A.C. CAPITAL ADVISORS, LLC, | : |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : |
| and | : |
| S.A.C. SELECT FUND, LLC, | : |
| | : |
| Relief Defendants. | : |
| | : |

12 Civ. 8466 (VM)

---

## FINAL JUDGMENT AS TO RELIEF DEFENDANT
## S.A.C. INTERNATIONAL EQUITIES, LLC

The Securities and Exchange Commission having filed an Amended Complaint

("Complaint") and Relief Defendant S.A.C. International Equities, LLC having entered a

limited appearance; consented to the Court's jurisdiction over Relief Defendant and the

subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable, on a joint and several basis with defendant CR Intrinsic Investors, LLC, and relief defendant S.A.C. Capital Advisors, LLC, for disgorgement of $61,895,077, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,660,482.03. This obligation shall be satisfied by payment of $73,555,559.03 plus post-judgment interest thereon pursuant to 28 U.S.C. § 1961 by or on behalf of Relief Defendant to the Securities and Exchange Commission on or before May 2, 2013.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; S.A.C. International Equities, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title,

2

and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : 12 Civ. 8466 (VM) |
| | : |
| CR INTRINSIC INVESTORS, LLC, | : |
| MATHEW MARTOMA, | : |
|  and | : |
| DR. SIDNEY GILMAN, | : |
| | : |
| Defendants, and | : |
| | : |
| CR INTRINSIC INVESTMENTS, LLC, | : |
| S.A.C. CAPITAL ADVISORS, LLC, | : |
| S.A.C. CAPITAL ASSOCIATES, LLC, | : |
| S.A.C. INTERNATIONAL EQUITIES, LLC, | : |
|  and | : |
| S.A.C. SELECT FUND, LLC, | : |
| | : |
| Relief Defendants. | : |
| | : |

## CONSENT OF RELIEF DEFENDANT
## S.A.C. INTERNATIONAL EQUITIES, LLC

1.      Relief Defendant S.A.C. International Equities, LLC ("Relief Defendant")
waives service of a summons and the Amended Complaint ("Complaint") in this action,
enters a limited appearance, admits the Court's jurisdiction over the subject matter of this
action, and consents to the Court's personal jurisdiction over the Relief Defendant.

2.      Without admitting or denying the allegations of the Complaint (except as
to personal and subject matter jurisdiction, to which Relief Defendant consents), Relief
Defendant hereby consents to the entry of the Final Judgment in the form attached hereto
(the "Final Judgment") and incorporated by reference herein, which, among other things,

orders Relief Defendant to pay, on a joint and several basis with defendant CR Intrinsic Investors, LLC, and relief defendant S.A.C. Capital Advisors, LLC, disgorgement in the amount of $61,895,077, plus prejudgment interest thereon in the amount of $11,660,482.03.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

2

9.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Relief Defendant in this civil proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint.  Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

10.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

3

denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief

Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Relief Defendant (i) agrees to cooperate with Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Relief Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any such subpoena.

13.    Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Relief Defendant agrees that this Court shall retain jurisdiction over this

matter for the purpose of enforcing the terms of the Final Judgment.


S.A.C. International Equities, LLC

By:  S.A.C. Capital Advisors, L.P., its Investment Manager

By: _Peter C. Nussbaum_

Name:  Peter A. Nussbaum
Title:  Authorized Person
Address:  72 Cummings Point Road, Stamford CT 06902

On _March 14_, 2013, _Peter A. Nussbaum_, a person known
to me, personally appeared before me and acknowledged executing the foregoing
Consent with full authority to do so on behalf of S.A.C. International Equities, LLC as
Authorized Person of its Investment Manager.

_Mavelyn Blanco_
Notary Public

**MAVELYN BLANCO**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2017

Approved as to form:

_Martin Klotz_
Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8000

_Daniel J. Kramer_
Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 373-3000

Attorneys for Relief Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | |
| Plaintiff, : | |
| : | |
| -against- : | 12 Civ. 8466 (VM) |
| : | |
| CR INTRINSIC INVESTORS, LLC, : | |
| MATHEW MARTOMA, : | |
| and : | |
| DR. SIDNEY GILMAN, : | |
| : | |
| Defendants, and : | |
| : | |
| CR INTRINSIC INVESTMENTS, LLC, : | |
| S.A.C. CAPITAL ADVISORS, LLC, : | |
| S.A.C. CAPITAL ASSOCIATES, LLC, : | |
| S.A.C. INTERNATIONAL EQUITIES, LLC, : | |
| and : | |
| S.A.C. SELECT FUND, LLC, : | |
| : | |
| Relief Defendants. : | |

FINAL JUDGMENT AS TO RELIEF DEFENDANT
S.A.C. SELECT FUND, LLC

The Securities and Exchange Commission having filed an Amended Complaint

("Complaint") and Relief Defendant S.A.C. Select Fund, LLC having entered a limited

appearance; consented to the Court's jurisdiction over Relief Defendant and the subject

matter of this action; consented to entry of this Final Judgment without admitting or

denying the allegations of the Complaint (except as to jurisdiction); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief

Defendant is liable, on a joint and several basis with defendant CR Intrinsic Investors,

LLC, and relief defendant S.A.C. Capital Advisors, LLC, for disgorgement of

$19,187,283, representing profits gained and losses avoided as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$3,614,713.48. This obligation shall be satisfied by payment of $22,801,996.48 plus

post-judgment interest thereon pursuant to 28 U.S.C. § 1961 by or on behalf of Relief

Defendant to the Securities and Exchange Commission on or before May 2, 2013.

Relief Defendant may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

be made directly from a bank account via Pay.gov through the SEC website

at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; S.A.C. Select Fund, LLC as a defendant in this action; and specifying

that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this action. By

making this payment, Relief Defendant relinquishes all legal and equitable right, title,

2

and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2013

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| -against- | :     12 Civ. 8466 (VM) |
| CR INTRINSIC INVESTORS, LLC,<br>MATHEW MARTOMA,<br> and<br>DR. SIDNEY GILMAN, | : |
| Defendants, and | : |
| CR INTRINSIC INVESTMENTS, LLC,<br>S.A.C. CAPITAL ADVISORS, LLC,<br>S.A.C. CAPITAL ASSOCIATES, LLC,<br>S.A.C. INTERNATIONAL EQUITIES, LLC,<br> and<br>S.A.C. SELECT FUND, LLC, | : |
| Relief Defendants. | : |

## CONSENT OF RELIEF DEFENDANT
## S.A.C. SELECT FUND, LLC

1.      Relief Defendant S.A.C. Select Fund, LLC ("Relief Defendant") waives service of a summons and the Amended Complaint ("Complaint") in this action, enters a limited appearance, admits the Court's jurisdiction over the subject matter of this action, and consents to the Court's personal jurisdiction over the Relief Defendant.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, to which Relief Defendant consents), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things,

orders Relief Defendant to pay, on a joint and several basis with defendant CR Intrinsic Investors, LLC, and relief defendant S.A.C. Capital Advisors, LLC, disgorgement in the amount of $19,187,283, plus prejudgment interest thereon in the amount of $3,614,713.48.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

2

9.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Relief Defendant in this civil proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

10.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief

4

Defendant to defend against this action.  For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Relief Defendant (i) agrees to cooperate with Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Relief Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any such subpoena.

13.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

5

14.     Relief Defendant agrees that this Court shall retain jurisdiction over this

matter for the purpose of enforcing the terms of the Final Judgment.


S.A.C. Select Fund, LLC

By: S.A.C. Capital Advisors, L.P., its Investment Manager


By: _____
Name: Peter A. Nussbaum
Title: Authorized Person
Address: 72 Cummings Point Road, Stamford CT 06902

        On March 14, 2013, Peter A. Nussbaum, a person known
to me, personally appeared before me and acknowledged executing the foregoing
Consent with full authority to do so on behalf of S.A.C. Select Fund, LLC as Authorized
Person of its Investment Manager.


_____
Notary Public

**MAVELYN BLANCO**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2017


Approved as to form:

_____
Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

_____
Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Attorneys for Relief Defendant

6