```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                Plaintiff,           :
                                     :        12 Civ. 8466 (VM)
    - against -                      :
                                     :
CR INTRINSIC INVESTORS, LLC,         :
MATHEW MARTOMA, and DR. SIDNEY       :
GILMAN,                              :
                                     :
                Defendants,          :        ORDER
                                     :
and                                  :
                                     :
CR INTRINSIC INVESTMENTS, LLC,       :
S.A.C. CAPITAL ADVISORS, LLC,        :
S.A.C. CAPITAL ASSOCIATES, LLC,      :
S.A.C. INTERNATIONAL EQUITIES, LLC,  :
and S.A.C. SELECT FUND, LLC,         :
                                     :
                Relief Defendants.   :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

At a May 13, 2013 conference in this matter, the Court stayed deposition and interrogatory discovery, but authorized the parties to engage in document discovery. Pursuant to that authorization, defendant Mathew Martoma ("Martoma") issued a subpoena to the University of Michigan dated October 17, 2013 (the "Subpoena"). (Decl. of Roberto M. Braceras ("Braceras Decl."), Exh. B, Dkt. No. 52.) The Subpoena seeks documents relating to Dr. Sidney Gilman, who allegedly participated in an insider trading scheme with

1

Martoma. The University of Michigan agreed to supply the responsive documents on a rolling basis. (Braceras Decl., ¶¶ 11-13.)

On November 7, 2013, the United States Attorney's Office for the Southern District of New York (the "Government") moved to intervene and to stay document discovery until the conclusion of parallel criminal proceedings against Martoma.[1] (Dkt. No. 47.) Martoma opposes the motion. (Dkt. No. 51.)

A trial court has discretion to stay discovery in a civil case when the interests of justice so require. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). In a case like this one, where a party seeks to stay civil discovery in light of a parallel criminal case, courts consider several case-specific factors: the overlap between the issues in the civil and criminal cases; the status of the criminal case; the interests of the parties and the courts; and the public interest. See, e.g., Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); Volmar Distribs., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39

---

[1] Trial in the criminal case, United States v. Martoma, No. 12 Cr. 973 (PGG) (S.D.N.Y.), is scheduled to begin on January 6, 2014.

(S.D.N.Y. 1993). At bottom, "the basic goal [is] to avoid prejudice." Volmar Distribs., 152 F.R.D. at 39.

The Court is not persuaded that the Government has provided sufficient evidence of prejudice to warrant a stay discovery. The Court thus reaffirms that the parties can engage in document discovery. The Court stresses that, pursuant to its previous authorization, the parties are permitted to engage only in document discovery, and not in interrogatory or deposition discovery. The Subpoena complies with the Court's previous authorization and is thus permissible.

Therefore, it is hereby

**ORDERED** that the motion (Dkt. No. 47) of the United States Attorney's Office for the Southern District of New York to intervene and to stay discovery is **DENIED**.

SO ORDERED.

Dated:   New York, New York
         15 November 2013

                                        Victor Marrero
                                        U.S.D.J.