UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

   -against-

CR INTRINSIC INVESTORS, LLC,
MATHEW MARTOMA,
 and
DR. SIDNEY GILMAN,

       Defendants, and

CR INTRINSIC INVESTMENTS, LLC,
S.A.C. CAPITAL ADVISORS, LLC,
S.A.C. CAPITAL ASSOCIATES, LLC,
S.A.C. INTERNATIONAL EQUITIES, LLC,
 and
S.A.C. SELECT FUND, LLC,

       Relief Defendants.

12 Civ. 8466 (VM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/14

---

## FINAL JUDGMENT AS TO RELIEF DEFENDANT
## S.A.C. CAPITAL ADVISORS, LLC

The Securities and Exchange Commission having filed an Amended Complaint ("Complaint") and Relief Defendant S.A.C. Capital Advisors, LLC having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable, on a joint and several basis with defendant CR Intrinsic Investors, LLC, and relief defendants S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, and S.A.C. Select Fund, LLC, for disgorgement of $147,653,348, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $27,816,577.59. This obligation shall be satisfied by payment of $175,469,925.59 plus post-judgment interest thereon pursuant to 28 U.S.C. § 1961 by or on behalf of Relief Defendant to the Securities and Exchange Commission on or before May 2, 2013.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; S.A.C. Capital Advisors, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By

making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after May 2, 2013. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 18 June 2014

_____
Victor Marrero
UNITED STATES DISTRICT JUDGE

3

THIS DOCUMENT WAS ENTERED
THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, :<br>:<br>Plaintiff, :<br>:<br>-against- :<br>:<br>CR INTRINSIC INVESTORS, LLC, :<br>MATHEW MARTOMA, :<br>  and :<br>DR. SIDNEY GILMAN, :<br>:<br>Defendants, and :<br>:<br>CR INTRINSIC INVESTMENTS, LLC, :<br>S.A.C. CAPITAL ADVISORS, LLC, :<br>S.A.C. CAPITAL ASSOCIATES, LLC, :<br>S.A.C. INTERNATIONAL EQUITIES, LLC, :<br>  and :<br>S.A.C. SELECT FUND, LLC, :<br>:<br>Relief Defendants. :<br>: | 12 Civ. 8466 (VM) |

---

## CONSENT OF RELIEF DEFENDANT S.A.C. CAPITAL ADVISORS, LLC

1.  Relief Defendant S.A.C. Capital Advisors, LLC ("Relief Defendant") waives service of a summons and the Amended Complaint ("Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Relief Defendant to pay, on a joint and several basis with defendant CR Intrinsic

Investors, LLC, and relief defendants S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, and S.A.C. Select Fund, LLC, disgorgement in the amount of $147,653,348, plus prejudgment interest thereon in the amount of $27,816,577.59.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims that were asserted or could have been asserted against Relief Defendant in this civil proceeding relating to the trades in the securities of Elan Corporation plc and Wyeth between July 21, 2008 and July 30, 2008, referenced in the Complaint. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

10. Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit any person under its control to make any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit any person under its control to make any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket, and the parties shall be restored to the status quo immediately following the filing of the Complaint and this Consent shall be void. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief

Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Relief Defendant (i) agrees to cooperate with Commission staff; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Relief Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

S.A.C. Capital Advisors, LLC

By: *[signature]*

Name: Peter A. Nussbaum
Title: Authorized Person
Address: 72 Cummings Point Road, Stamford CT 06902

On March 14, 2013, Peter A. Nussbaum, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of S.A.C. Capital Advisors, LLC as Authorized Person.

*[signature]*
Notary Public

**MAVELYN BLANCO**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2017

Approved as to form:

*[signature]*

Martin Klotz
Michael S. Schachter
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

*[signature]*

Daniel J. Kramer
Michael E. Gertzman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Attorneys for Relief Defendant

6